# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**MICHAEL DAVID FLEMING**,

    Plaintiff,

v.                                                                         2:23-cv-1092-JES-NPM

**STATE OF FLORIDA**, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

We previously found pro se plaintiff Michael David Fleming financially eligible to proceed in forma pauperis (IFP) but directed him to either dismiss this action or file an amended complaint because his initial complaint—for a host of reasons—did not pass § 1915 review (Doc. 6). Rather than heed the court's order, Fleming has doubled down. His amended complaint is replete with the same deficiencies as before. And while a few theories of recovery have been omitted and others have been added, the complaint is even more conclusory than before. For the reasons discussed in the prior order (Doc. 6) and for the additional reasons discussed below, this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) because Fleming's complaint still fails to state a claim and is otherwise frivolous.

In our prior order, we discussed the pleading standards[1] and the various reasons why Fleming's initial complaint fell short. To recap, we discussed how the State of Florida and the Collier County Sheriff's Office are not proper defendants. We further explained that Fleming's invocation of various criminal statutes failed to state a claim because none of them provided for a private right of action. We likewise discussed several reasons why his invocation of various constitutional provisions also failed to state a claim. And we observed that his tort claim for emotional distress was flawed on its face. *See generally* Doc. 6. Naming the same defendants and advancing nearly all the same theories as before, the amended complaint fails to pass muster for the same reasons.

Aside from its duplicative counts, the amended complaint presents four new theories of recovery. But there is no private right of action under the American Declaration of the Rights of Indigenous Peoples or any criminal statutes related to the "procurement of" citizenship or naturalization. And the new "False Arrest and Imprisonment," "Violation of Privacy Rights," and "Violation of Due Process Rights" are wholly conclusory and not based on any common-law theory or statute.

---

[1] Fleming is no stranger to the applicable standards. Federal courts in other districts have rejected his complaints on § 1915 review. *See Fleming v. U.S. Air Force*, No. 10-cv-1213W NLS, 2010 WL 2719973, at *3 (S.D. Cal. July 7, 2010); *Fleming v. Darpa*, No. 5:15-cv-00285-CLS, 2015 WL 4771030, *2 (N.D. Ala. Aug. 12, 2015).

These deficiencies are compounded by the amended complaint being a shotgun pleading. "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, *2 (M.D. Fla. Sept. 22, 2022)[2]. A complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). The Eleventh Circuit has—on numerous occasions—unequivocally condemned such pleadings. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Here, the complaint is a quintessential shotgun pleading as it refers to multiple defendants, incidents, and legal theories that "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty.*

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The complaint comprises conclusory, vague, and immaterial facts—collectively wielded against six defendants—in twenty counts that lump all the defendants together without specifying individual liability. Some counts overlap, and multiple counts adopt the allegations of all preceding counts. The complaint violates all four prongs of the shotgun-pleading rule.

Worse yet, Fleming's complaint is the type of sovereign-citizen claim that courts routinely reject as frivolous. *See Mitchell v. Vesely*, No. 5:17-cv-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017). Sovereign-citizen features in Fleming's amended complaint include, but are not limited to, his declaration of sovereignty (Doc. 7 at 3); the incorporation of a colon in his name ("Michael-David: Fleming"); his repeated description of himself as a "Freeman-on-the-Land;" references to his state of domicile as a "Republic"; referring to the state of Florida as a "for-profit corporation"; various descriptions of himself as something other than a U.S. citizen but not a foreign national (at least not in the traditional sense); protestations that he was not engaged in commerce during the events at issue, or in any contractual relationship with the defendants; and the addition of a red fingerprint to his blue-ink handwritten signature.

Such actions clog overburdened courts with frivolous claims, abuse judicial processes, impede the efficient adjudication of genuine disputes, and rob the public

fisc of limited resources. So federal circuit and district courts nationwide routinely deny IFP status and order or affirm, as the case may be, the sua sponte dismissal of such cases. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017); *Carroll v. Moorehead*, 710 F. App'x 346, 347 (10th Cir. 2018); *West v. Bornunda*, 698 F. App'x 224, 225 (5th Cir. 2017); *Moose v. Krueger*, No. 16-3954, 2017 WL 3597723, *1 (7th Cir. Apr. 4, 2017). Litigants are "lucky to be spared sanctions for filing such a suit." *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017).

Accordingly, this action should be dismissed without prejudice, and the clerk should be directed to deny as moot all pending motions, terminate all deadlines and scheduled events, and close the case.

**RECOMMENDED** on March 14, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1.