UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL-DAVID: FLEMING C/O
10901 RHODE ISLAND AVENUE
BELTSVILLE, MARYLAND
REPUBLIC PETITIONER IN
PROPRIA PERSONA, SUI JURIS

      Plaintiff,

v.                                              Case No: 2:23-cv-1092-JES-NPM

STATE OF FLORIDA, COLLIER
COUNTY SHERIFF'S OFFICE,
OFFICER TRISTIN ALLEN,
OFFICER TIMOTHY HERRERA,
OFFICER SARGENT FOSTER, CEO
KEVIN RAMBOSK, Collier
County Sheriff's Office

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on consideration of Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. #11), filed on March 14, 2025, recommending that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed a Notice of Private Standing, Fee Schedule, Lack of Jurisdiction, and Future Litigation in the United States Court of Federal Claims (Doc. #13) and Objection to Report and Recommendation (Doc. #14) on March 31, 2025. For the reasons set forth below, the Court overrules the Objections and adopts the Report and Recommendation.

**I.**

On November 28, 2023, plaintiff initiated a Complaint (Doc. #1) along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2).  On July 29, 2024, the Magistrate Judge granted leave to proceed without payment of the filing fee but stayed service of process pending the filing of an amended complaint to address deficiencies in the pleading.  (Doc. #6.)  On August 15, 2024, plaintiff filed an Amended Complaint (Doc. #7).  On March 14, 2025, the Magistrate Judge issued the Report and Recommendation noting that the Amended Complaint was replete with the same deficiencies and that it should be dismissed for failure to state a claim and as frivolous. (Doc. #11 at pp. 1.)  The Magistrate Judge further found that the Amended Complaint was a shotgun pleading.  (Id. at 3-4.)

**II.**

The Court may designate a magistrate judge to submit proposed findings of fact and recommendations for disposition.  Upon review, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff generally argues the merits of his case after receiving a criminal traffic citation while driving without a valid driver's license and a civil citation with a fine.[1] The Magistrate Judge reviewed the Amended Complaint and found that it "fails to pass muster":

> In our prior order, we discussed the pleading standards and the various reasons why Fleming's initial complaint fell short. To recap, we discussed how the State of Florida and the Collier County Sheriff's Office are not proper defendants. We further explained that Fleming's invocation of various criminal statutes failed to state a claim because none of them provided for a private right of action. We likewise discussed several reasons why his invocation of various constitutional provisions also failed to state a claim. And we observed that his tort claim for emotional distress was flawed on its face. *See generally* Doc. 6. Naming the same defendants and advancing nearly all the same theories as before, the amended complaint fails to pass muster for the same reasons.

(Doc. #11 at 2.)

Plaintiff specifically objects: (1) plaintiff has a right to travel without being required to have a license or commercial registration to travel on public roads; (2) plaintiff was arrested and was treated as a surety for a statutory violation rather than an innocent man; (3) the complaint alleges non-frivolous

---

[1] The citations were filed with the Notice of Private Standing, Fee Schedule, Lack of Jurisdiction, and Future Litigation in the United States Court of Federal Claims. (Doc. #13, Exh. B.)

constitutional law issues; and (4) the Magistrate Judge unfairly labelled plaintiff as a 'sovereign citizen'. The constitutional right to travel does not include "a fundamental right to drive a motor vehicle" and a State can prescribe regulations "necessary for public safety and order", including "requiring drivers to have licenses." Newman v. Garcia, No. 3:16-CV-137-J-PDB, 2016 WL 8939133, at *4 (M.D. Fla. Sept. 26, 2016). Under Florida law, "a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver license." Fla. Stat. § 322.03(1)(a). A person who violates this statute commits a misdemeanor of the second degree (first conviction), which is punishable "by a definite term of imprisonment not exceeding 60 days." Fla. Stat. § 775.082(4)(b). There is no indication that plaintiff appealed the traffic citations in the state court. See, e.g. Gray v. Kinsey, No. 3:09CV324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009), report and recommendation adopted, No. 3:09CV324/LAC/MD, 2009 WL 3157687 (N.D. Fla. Sept. 28, 2009) (noting appeal options for a traffic conviction).

Even if some of plaintiff's constitutional claims are viable, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "Thus, a plaintiff may not obtain damages under § 1983 if a judgment in his favor 'would necessarily imply the invalidity of his conviction or sentence.'" Koger v. Fla., 130 F. App'x 327, 332 (11th Cir. 2005) (citing Heck). Without allegations in the Amended Complaint that the traffic convictions and/or citations were invalidated, plaintiff's claims are premature, and he has failed to state a claim.

The Magistrate Judge noted the "Sovereign-citizen features" in the Amended Complaint, including the use of the red fingerprint signature but did not accuse plaintiff of being "anti-government." (Doc. #11 at 4.) The Amended Complaint was only secondarily dismissed as frivolous and there is nothing inherently erroneous about the findings.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Petition for Writ of Mandamus (Doc. #10) is **DENIED** as moot. The Report and Recommendation on the Amended Complaint has been issued.

2. Plaintiff's Notice of Private Standing, Fee Schedule, Lack of Jurisdiction, and Future Litigation in the United States Court of Federal Claims (Doc. #13) is **STRICKEN** as non-responsive.

3. Plaintiffs' Objection to Report and Recommendation (Doc. #14) is **OVERRULED.**

4. The Report and Recommendation (Doc. #11) is **ADOPTED,** and the findings incorporated herein.

5. The action is dismissed without prejudice. The Clerk shall enter judgment, terminate all pending matters, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
Counsel of Record