```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MICHAEL-DAVID: FLEMING C/O
10901 RHODE ISLAND AVENUE
BELTSVILLE, MARYLAND
REPUBLIC PETITIONER IN
PROPRIA PERSONA, SUI JURIS

    Plaintiff,

v.     Case No: 2:23-cv-1092-JES-NPM

STATE OF FLORIDA, COLLIER
COUNTY SHERIFF'S OFFICE,
OFFICER TRISTIN ALLEN,
OFFICER TIMOTHY HERRERA,
OFFICER SARGENT FOSTER, CEO
KEVIN RAMBOSK, Collier
County Sheriff's Office

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Demand for Reconsideration (Doc. #17) filed on April 17, 2025. On April 2, 2025, the Court issued an Opinion and Order (Doc. #15) accepting the Magistrate Judge's Report and Recommendation and dismissing the case without prejudice for failure to state a claim. Judgment (Doc. #16) was entered. The case is closed and an appeal has been filed with the Eleventh Circuit.

"Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute." Wright v.

Preferred Rsch., Inc., 891 F.2d 886, 889 (11th Cir. 1990) (citations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (citation and internal quotation marks omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted and internal quotation marks omitted).

Plaintiff argues that there has been a mischaracterization of his status because he is appearing "in propria persona" and "not subject to the commercial or administrative jurisdiction typically presumed when dealing with incorporated titles such as 'pro se litigant' or 'U.S. citizen'" and he did not consent to being treated as a United States citizen. (Doc. #17 at 1, 3.) Regardless of how plaintiff would like to be characterized, the Court simply found that the allegations in the Amended Complaint were premature, the Amended Complaint was a shotgun pleading, and that plaintiff failed to state a claim under the new theories of recovery. (Doc. #11 at 2-4.) Nothing more.

Plaintiff next argues that the Court imposed standards and expectations of him as if he was admitted to practice law and that

it is not required to bring suit. Plaintiff was not subjected to a higher standard as his pleadings were construed liberally, and he was provided an opportunity to amend to state a claim with guidance on how to do so. (Doc. #6.)

Plaintiff also states that the Constitution is "the supreme law of the land, and it binds all courts and public officers" but plaintiff does not indicate any error by the Court. Plaintiff states that he has not consented to any "jurisdiction grounded in commerce, corporate statutes, or administrative rules." Plaintiff also rejects "the presumption" that he is submitting voluntarily to jurisdiction and if the Court lacks jurisdiction, plaintiff asks for transfer to a court with jurisdiction. (Doc. #17 at 2, 3.) However, plaintiff initiated the Complaint in the Fort Myers federal court seeking relief before this Court and the Amended Complaint was dismissed for failure to state a claim, not a lack of jurisdiction or venue.

Lastly, plaintiff takes issue with the requirement for licensing to travel on public highways in a vehicle he owns. (Id.) Disagreement with the Court's basis for dismissal or rearguing matters that were addressed is not a basis for reconsideration. The Court finds no new evidence or clear error warranting reconsideration.

Accordingly, it is now

**ORDERED**:

Plaintiff's Demand for Reconsideration (Doc. #17) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record